IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER F. PAUL, | |
| Plaintiff, | |
| v. | Civil Action No. 1:07cv00279-RCL |
| | Honorable Royce C. Lamberth |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO
PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS**

Defendants Judicial Watch, Inc. ("Judicial Watch"), Thomas J. Fitton ("Fitton") and Paul Orfanedes ("Orfanedes"), by undersigned counsel, hereby submit this Memorandum of Points and Authorities in reply to Plaintiff Peter F. Paul's ("Paul") Opposition to Defendants' Motion to Dismiss.

**ARGUMENT**

**I.  COUNT I FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT AS TO FITTON AND ORFANEDES BECAUSE THEY WERE NOT PARTIES TO THE AGREEMENT**

Paul fails to address the case law supporting Defendants' argument that "parties to a contract may bind only themselves and . . . may not bind a third person who is not a party to the contract in absence of his consent to be bound." *United States ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr.*, 433 F. Supp. 2d 104, 114 (D.D.C. 2006). Instead, Paul attempts to bind Fitton and Orfanedes to the Agreement by asserting that "[i]mplicit in every contract for legal services is a personal covenant that attorneys performing the services will conduct themselves according to customary professional standards." Opp. Br. p. 4. With this argument, Paul continues to insist that Fitton be held liable as an attorney even though Fitton is not an

attorney.  In fact, Paul does not cite to a single case to support this assertion.

Paul also dismisses the obvious fact that Orfanedes did not sign the Agreement.  Instead, he contends that "[w]hether or not [Orfanedes] has *separately* promised to exercise due care is an irrelevancy."  Opp. Br. p. 5.  As support, Paul relies on the premise that "a client who retains a law firm retains all of its lawyers." *Id*.  However, Judicial Watch is not a law firm and this premise does not apply.  Indeed, Paul admits that Judicial Watch is a 501(c)(3) organization.  Complaint, ¶ 8.  Furthermore, Paul cites no authority to support that the duties of a law firm should be imposed on a not-for-profit educational organization such as Judicial Watch.  Instead, Paul relies on wholly inapplicable case law that does not apply District of Columbia law.

Moreover, Paul's argument ignores the allegations of his own Complaint.  The breach of contract claim is framed as arising from Defendants' alleged professional malpractice.  Opp. Br. p. 4 – 6.  However, Paul's Complaint frames the breach of contract claim as an obligation to pay for legal costs.  Complaint, ¶¶ 57 – 60.  There is no independent allegation as to Orfanedes (or Fitton) in reference to malpractice.  Count One is based solely on Defendants' alleged breach of the Agreement.  It is nothing short of disingenuous for Paul to imply that Count One is actually a professional malpractice claim cast in the mold of a claim for breach of contract.  The error of this re-engineered position is demonstrated by the express allegation that Paul's breach of contract damages are "legal fees and costs, future defense and other litigation costs".  At no point does Paul allege that the breach of contract is anything more than an obligation to pay for his legal expenses.  Moreover, there is a complete lack of any allegation that either Fitton or Orfanedes obligated themselves to pay such fees.

## II.    COUNT II FAILS TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY AS TO FITTON BECAUSE HE HAD NO SUCH DUTY

Paul attempts to create the illusion that his breach of fiduciary duty claim is premised on something more than the alleged agreements.  As support, he cites to *Church of Scientology Int'l v. Lilly & Co.*, 848 F. Supp. 1018 (D.D.C. 1994), which he contends is analogous to his situation.  However, Paul's reliance on *Scientology* is misplaced because it did not involve claims against individual employees of the defendant.  In *Scientology*, the plaintiff filed suit against its public relations firm, H&K, with which it had a contractual relationship.  No individual officers, directors or employees were named as defendants.  The action was limited to the parties of the contract.  Therefore, *Scientology* provides no support for holding individual officers or employees liable for the alleged breaches of fiduciary duty of their employer-organization.  Recognizing the weakness of the *Scientology* case, Paul contends that this Court should impose the duties of a lawyer upon a non-lawyer, thereby allowing Paul to do what *Scientology* does not allow him to do – to attach liability to Fitton as an individual.

Paul asserts that Fitton should have the same fiduciary duty as an attorney.  The basis for his assertion is that, according to the Restatement (Third) of the Law Governing Lawyers, all relationships between attorney and client include a fiduciary component.  Such bootstrapping does not support a wholesale change in the law.

## III.    COUNT III FAILS TO STATE A CLAIM FOR PROFESSIONAL MALPACTICE BECAUSE THERE IS NO ALLEGATION OF CAUSATION OR ACTUAL DAMAGE

Paul asserts that his "Violations of Standards of Professional Conduct" claim is really a poorly-worded "Malpractice" claim. Opp. Br., p. 9.  Paul's revision of Count III Regardless of how it is captioned, the third count of Paul's Complaint fails to state a claim.

In the District of Columbia, a professional malpractice claim requires the plaintiff to allege facts that establish: (1) the duty of care; (2) a breach of the duty of care; (3) proximate cause between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the alleged negligence. *Mount v. Baron*, 154 F. Supp. 2d 3, 8 (D.D.C. 2001) (citing *Shapiro, Lifschitz & Schram v. R.E. Hazard, Jr.*, 24 F. Supp. 2d 66, 75 (D.D.C. 1998). Paul's Complaint fails to allege at least two of these elements. First, there is no allegation of a causal connection between the conduct and a resulting injury. Second, there is no allegation to establish any actual damages as a result of Defendants' alleged negligence. Therefore, even as poorly-worded malpractice claim, Count Three can not survive.

Paul cites no case law that recognizes the unauthorized practice of law as establishing an independent cause of action. Moreover, Paul incorrectly asserts that *J.H. Marshall & Assoc., Inc. v. Burleson*, 313 A.2d 587 (D.C. App. 1973) supports a claim for damages based on the unauthorized practice of law. *Burleson* does not address the issue of damages. *Burleson*, 313 A.2d at 591. Instead, the opinion is entirely devoted to the question of whether an injunction may issue. Lacking any authority, Count III must be dismissed.

**IV.   COUNT IV FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT**

    A.   <u>THE EXISTENCE OF AN AGREEMENT GOVERNING THE RELATIONSHIP BETWEEN PAUL AND JUDICIAL WATCH DEFEATS PAUL'S RIGHT TO PURSUE UNJUST ENRICHMENT</u>

Paul concedes that the remedy for unjust enrichment is not available when the parties have a contract. Opp. Br., p. 11. In an effort to avoid dismissal, Paul now contends that the Agreement is to be ignored for purposes of Count IV, most likely because it would not afford him any relief. Opp. Br., p. 12. In light of the express allegations of the Complaint, Paul may not pursue unjust enrichment.

Paul alleges that his relationship with Judicial Watch stems from an Agreement. Complaint, ¶¶ 15 – 17. He further alleges that the Agreement obligated Judicial Watch to provide representation for essentially all of his litigation woes in exchange for "the right to solicit donations from the public for championing Paul's cause". Complaint, ¶¶ 2 and 17. Without question, Paul views the payment of legal fees and fundraising as part of the agreements between the parties. Having alleged the existence of the Agreement and defined its scope as including payment of his fees and Judicial Watch's right to fundraise in relation to his litigation, Paul can not now argue for the remedy of unjust enrichment. *Schiff v. American Ass'n of Retired Persons*, 697 A.2d 1193, 1194 (D.C. 1997). Indeed, a claim for unjust enrichment may be dismissed in light of the existence of an express contract. *United States v. MWI Corp.*, 254 F. Supp. 2d 69, 79 (D.D.C. 2003) ("Because the above common law counts are quasi-contractual . . . they are inappropriate claims when there is an express contract"). In this case, not only has Paul repeatedly alleged the existence of a contract,[1] he attached a copy of the alleged Agreement as Exhibit A to his Complaint.

### B. PAUL'S FAILURE TO ALLEGE THAT DEFENDANTS WERE UNJUSTLY ENRICHED AT HIS EXPENSE DEMONSTRATES THAT COUNT FOUR FAILS TO STATE A CLAIM

Simply put, Paul does not, and cannot, allege that Judicial Watch was unjustly enriched at his expense. "To recover under a theory of unjust enrichment in the District of Columbia, a plaintiff must show that [the defendant] was unjustly enriched *at his expense*". *Burlington Ins. Co. v. Okie Dokie, Inc.*, 398 F. Supp. 2d 147, 158 (D.D.C. 2005) (*citing News World Commc's Inc. v. Thompson*, 878 A2d 1218, 1222 (D.C. App. 2005) (emphasis added)). Paul's Opposition does not challenge this principle. On the contrary, each case cited in Paul's Opposition

---

1   Complaint, ¶¶ 15-17, 38, 39, 42, 56-60 and 62.

contradicts his position. *Vereen v. Clayborne*, 623 A.2d 1190, 1194 (D.C. 1990) ("[Plaintiff] must show that [Defendant] was unjustly enriched at his expense"); *Jordan Keyes v. St. Paul Fire and Marine Ins. Co.*, 870 A.2d 58, 64 (D.C. 2005) ("quasi or constructive contract rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another"); *Bloomgarden v. Coyer*, 479 F.2d 201, 211 (D.C. Cir. 1973) ("plaintiff must show that the defendant was unjustly enriched at the plaintiff's expense").

    C.    <u>COUNT FOUR FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT AGAINST FITTON OR ORFANEDES BECAUSE THERE IS NO ALLEGATION THAT THEY RETAINED ANY BENEFIT CONFERRED BY PAUL</u>

Paul completely fails to explain his inclusion, inadvertent or otherwise, of Defendants Fitton and Orfanedes within Count Four. The donation request attached to Paul's Complaint makes obvious that Judicial Watch was the fundraiser. Complaint, Exhibit B. There is no allegation that Fitton or Orfanedes requested that donations be sent to them. Furthermore, there is no allegation that Fitton or Orfanedes retained any funds. In fact, both the Complaint and Opposition are silent as to how either defendant was, or could be, unjustly enriched. Therefore, as a matter of law, Count Four fails to state a claim against either Fitton or Orfanedes.

**V.    COUNT FIVE FAILS TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED FOR VIOLATION OF THE LANHAM ACT**

By his own allegations, Paul a consumer of legal services. The Lanham Act was enacted to protect competitors and competition. Judicial Watch was not a competitor of Paul for fundraising dollars while it allegedly represented him. Following the alleged representation, Paul's allegations, and the exhibits attached in support, do not indicate that Judicial Watch uttered anything false in connection with its relationship with Paul. Therefore, Paul's Lanham Act claim must fail.

  A. <u>COUNT FIVE FAILS TO STATE A CLAIM FOR "FALSE ASSOCIATION/FALSE ENDORSEMENT" UNDER § 1125(a)(1)(A) BECAUSE PAUL DOES NOT DENY HE IS A FORMER CLIENT OF JUDICIAL WATCH</u>

"[C]onsumers do not have standing to bring claims under the Lanham Act and no court of appeals has held to the contrary." *Made in the USA Foundation*, 2005 U.S. Dist. LEXIS 5689, slip op. at 9 (D.D.C. 2005). While Paul asserts that he is "not a consumer" for purposes of the Lanham Act claim (Opp. Br., p. 14), he is bound by the express allegation in the Complaint that he is a consumer of legal services. Complaint, ¶¶ 2-3. In an effort to manufacture such a claim, Paul insists that he is a "notable celebrity" and a "gadfly". Opp. Br., p. 14. To the extent that such is alleged, Paul's Lanham Act claim still fails.

In order to prevail on a "false association/false endorsement" claim under 15 U.S.C. § 1125(a)(1)(A), "a celebrity must show that use of his or her name is likely to cause confusion among consumers as to the 'affiliation, connection, or association' between the celebrity and the defendant's goods or services, or as to the celebrity's participation in the 'origin, sponsorship, or approval' of the defendant's goods or services." *Parks v. LaFace Records*, 329 F.3d 437, 445-46 (6th Cir. 2003). Paul fails to make any allegation of such confusion. The 2005 solicitation referenced by Paul in his Complaint (Exhibit B) refers to Paul as a *former* Judicial Watch client. Therefore, confusion that Paul was no longer affiliated or associated with Judicial Watch is not possible. Further, there is no allegation that Judicial Watch represented that Paul somehow endorsed Judicial Watch's work. On the contrary, Paul is merely referred to as a former client.

  B. <u>THE FACTS REGARDING THE 2006 PRESS RELEASE ARE PROPERLY BEFORE THIS COURT</u>

Paul does not argue the facts presented or the validity of the law cited by Defendants' in support of their motion to dismiss. Paul's sole contention is that the facts relied upon by

Defendants exceed the scope of the present Motion and must therefore be disregarded pursuant to Rule 12(b)(6). Opp. Br., p. 15.

"Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint." *Lightfoot v. D.C.*, 2007 U.S. Dist. LEXIS 26277, slip op. at 12 (D.D.C. 2007) (citing *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control). Defendants, however, base their argument on two facts clearly alleged by Paul in his Complaint. First, Defendants assert that a press release was issued in January 2006. Second, Defendants assert that Paul is referred to as a former client in said press release. These are both facts alleged by Paul in his Complaint. Complaint, ¶¶ 51-52. Having already pled these allegations as fact, Paul cannot now argue that they are beyond the scope of a Rule 12(b)(6) motion.

## VI. COUNT SIX FAILS TO STATE A CLAIM FOR APPROPRIATION OF NAME AND LIKENESS

### A. THE STATUTE OF LIMITATIONS APPLICABLE TO COUNT SIX HAS EXPIRED

Paul does not dispute that the applicable statute of limitations is one year under D.C. Code § 12-301(4). Paul does, however, argue that Defendants continued misappropriation of his "files, documents and other irreplaceable evidence and exhibits relating to his cases" bars the application of the statute of limitations. Opp. Br., p. 17. This assertion is beset by two problems. First, a claim for "Appropriation of Name and Likeness" does not encompass "files, documents and other irreplaceable evidence." Second, an alleged continuing violation does not act as a bar

to the application of the statute of limitations.[2]

### 1. A Claim for Appropriation of Name and Likeness Does Not Include the Misappropriation of Files, Documents and Other Tangible Items

"D.C. Courts have adopted the definition of the tort of appropriation of name or likeness set forth in Section 652C the Restatement (Second) of Torts, which provides that one who appropriates to his own use or benefit the *name or likeness* of another is subject to liability to the other for invasion of his privacy." *Tripp v. United States*, 257 F. Supp. 2d 37, 40 (D.D.C. 2003). By not contradicting this statement of the law, Paul concedes the scope of a claim for appropriation of name or likeness. Consequently, Paul's claim for appropriation of name and likeness does not include files, documents and other tangible items.

### 2. The One-Year Statute of Limitations on Paul's Claim for Appropriation of Name and Likeness Began Running in January 2006

In examining tort claims arising from the dissemination of information by the mass media, "the District of Columbia Court of Appeals, following 'the virtually unanimous rule in this country,' has concluded that the statute of limitations begins to run under such circumstances from the date of public dissemination." *Henderson v. MTV*, 2006 U.S. Dist. LEXIS 25726, slip op. at 4 (D.D.C. 2006) (*citing Mullin v. Washington Free Weekly, Inc.*, 785 A.2d 296, 297 (D.C. 2001). In the present matter, the most recent allegation of use of Paul's name or likeness is Judicial Watch's January 2006 press release. Complaint, ¶ 51. Consequently, pursuant to D.C. Code § 12-301(4) and this Court's holding in *Henderson*, the statute of limitations as to Paul's claim for appropriation of name and likeness began running in January 2006. Thus, Paul's failure to initiate his lawsuit within the one-year statutory period bars his claim regardless of the

---

2   It is patently improper for Paul to attach exhibits to his Opposition in an effort to expand the scope of the claim as alleged. Moreover, inclusion of the 1991 press release would not assist him. Having been initially published more than one year before the filing of the Complaint, the statute of limitations would bar any reliance on the press release.

merits.

  B. <u>INCIDENTAL USE DOES NOT GIVE RISE TO A CLAIM OF APPROPRIATION</u>

  Paul does not dispute that "[i]ncidental use of name or likeness or publication for a purpose other than taking advantage of a person's reputation or the value associated with his name will not result in actionable appropriation." *Vassiliades v. Garfinckel's, Brooks Bros.*, 492 A.2d 580, 592 (D.C. 1985). Instead, he claims that Judicial Watch's passing reference to him as a "former client" is somehow more than incidental. Paul concedes that in both instances in which he is referenced, the 2005 solicitation (Complaint, Exhibit B) and the 2006 press release (Complaint, ¶¶ 51-52), he is referred to as a "former client." At no point does Paul allege that he is not a former client or that this characterization is false. Therefore, no sound reading of these two instances can be interpreted as an appropriation of Paul's name or likeness.

### CONCLUSION

  WHEREFORE, for all of the forgoing reasons, Defendants Judicial Watch, Inc., Thomas J. Fitton and Paul Orfanedes respectfully request that the Court GRANT this Motion and enter the following relief:

  A. Dismiss Count One with prejudice as to Defendants Thomas Fitton and Paul Orfanedes;

  B. Dismiss Count Two with prejudice as to Defendant Thomas Fitton;

  C. Dismiss Counts Three through Six with prejudice as to all Defendants; and

  D. Such other and further relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Richard W. Driscoll*

_____
Richard W. Driscoll (436471)
Terence J. Everitt (492139)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com
*Counsel for Defendants Judicial Watch, Inc.,*
*Thomas J. Fitton and Paul Orfanedes*

Dated: April 30, 2007

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of April 2007, a copy of the foregoing Reply Memorandum was served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/ *Richard W. Driscoll*

_____
Richard W. Driscoll