IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER F. PAUL, | |
| Plaintiff, | |
| v. | Case No. 1:07-cv-00279-RCL |
| | Honorable Royce C. Lamberth |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

**ANSWER OF DEFENDANTS JUDICIAL WATCH, INC.,
AND PAUL J. ORFANEDES**

Defendants Judicial Watch, Inc. ("Judicial Watch") and Paul J. Orfanedes ("Orfanedes"), by undersigned counsel and pursuant to the February 6, 2008, Memorandum Opinion and Order, hereby submit their Amended Answer to the Complaint as follows:

Introduction

1. The first sentence of paragraph 1 contains a summary of the Plaintiff's motives for this action and does not require a response. However, to the extent that a response is required, Defendants are without knowledge or information sufficient to either admit or deny the allegation contained in the first sentence of paragraph 1, and therefore, deny the same. Defendants are also without knowledge or information sufficient to either admit or deny the remaining allegations contained in paragraph 1, and therefore, deny the same.

2. Defendants admit that Judicial Watch and Peter F. Paul ("Paul") entered into what was captioned as a "Legal Representation Agreement" on or about March 20, 2001. Defendants further admit that the agreement was modified on or about April 23,

2001. Allegations regarding the agreement and modification do not require a response as they are attempts to characterize the contents of the documents, which speak for themselves. However, to the extent that a response is required, Defendants deny the allegations. Defendants deny the remaining allegations of paragraph 2.

  3. Defendants admit that Judicial Watch attorneys represented Paul (1) in various civil actions against President William Jefferson Clinton, Senator Hillary Rodham Clinton and others; (2) in an adversary proceeding in a bankruptcy action in the U.S. Bankruptcy Court for the Central District of California; and (3) in a civil action against the FEC. Defendants further admit that a Judicial Watch attorney, Larry E. Klayman, represented Paul in proffer sessions with U.S. Attorney's offices and/or Department of Justice's Office of Public Integrity. Defendants deny the remaining allegations of paragraph 3. Defendants aver that Thomas J. Fitton did not represent Paul in any criminal, civil, or bankruptcy matter.

  4. Defendants admit that Paul was extradited to the United States in September 2003 and remained incarcerated thereafter for approximately 16 months. Defendants deny the remaining allegations of paragraph 4. Defendants aver that repeated and extensive efforts were made to secure Paul's release on bail.

  5. Defendants deny the allegations of paragraph 5.

  6. Defendants deny the allegations of paragraph 6.

Parties

  7. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 7, and therefore, deny the same.

  8. Defendants admit that Judicial Watch was founded in 1994 as public

interest government watch dog to investigate and prosecute government corruption. Defendants further admit that the motto of Judicial Watch is: "Because No One is Above the Law!" Defendants deny that Judicial Watch purports to be a public interest law firm.

9. Defendants admit that Fitton is the current President of Judicial Watch. Defendants further admit that Fitton is not licensed to practice law and does not hold a law degree. Defendants deny the remaining allegations of paragraph 9. Defendants aver that Fitton has a college degree.

10. Defendants admit that Orfanedes is the current Secretary and a Director of Judicial Watch. Defendants further admit that Orfanedes is the managing attorney for cases at Judicial Watch. Defendants deny the remaining allegations of paragraph 10.

## Jurisdiction and Venue

11. Paragraph 11 contains statements of law that do not require an answer. However, to the extent that a response is required, Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 11, and therefore, deny the same.

12. Paragraph 12 contains statements of law that do not require an answer. However, to the extent that a response is required, Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 12, and therefore, deny the same.

## Allegations of Fact

13. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 13, and therefore, deny the same.

14. Defendants admit the allegations contained in the first two sentences of

paragraph 14. Defendants deny the allegations contained in the third sentence of paragraph 14. Defendants admit that Judicial Watch entered into what was captioned as a "Legal Representation Agreement" on or about March 20, 2001. Allegations regarding the agreement do not require a response as they are an attempt to characterize the contents of the agreement, which speaks for itself. Defendants deny the remaining allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15. Defendants aver that Paul and Judicial Watch entered into a written agreement on March 20, 2001, that Paul and Judicial Watch modified their agreement, in writing, on April 23, 2003, and that both documents speak for themselves. Defendants further aver that Exhibit A is the modification of the agreement, not the agreement.

16. The allegations of paragraph 16 do not require a response as they are an attempt to characterize the contents of the modification of the agreement, which speaks for itself. However, to the extent that a response is required, Defendants deny the allegations contained in paragraph 16.

17. The allegations of paragraph 17 do not require a response as they are an attempt to characterize the contents of the modification of the agreement, which speaks for itself. However, to the extent that a response is required, Defendants deny the allegations contained in paragraph 17.

18. Defendants admit the allegations of paragraph 18.

19. Defendants admit the allegations of paragraph 19.

20. Defendants admit that Judicial Watch filed an administrative complaint with the FEC on or about July 16, 2001. Defendants deny the remaining allegations of

paragraph 20.  Defendants aver that Judicial Watch was a party to the FEC Complaint.

21.     Defendants admit that Paul was living in Brazil at the time the indictments were filed and unsealed, that Paul remained in Brazil because of the indictments, and that Paul attempted to fight his extradition.  Defendants deny the remaining allegations of paragraph 21.  Defendants aver that a Judicial Watch attorney, Larry E. Klayman, represented Paul in discussions with various U.S. Attorney's offices and the Department of Justice.  Defendants further aver that Judicial Watch initially retained Michael G. Dowd to represent Paul in his various criminal indictments.

22.     Defendants deny the allegations of paragraph 22.  Defendants aver that Judicial Watch filed an administrative complaint with the FEC on July 16, 2001, that the administrative complaint was verified by Paul, and that, when the FEC failed to respond, Judicial Watch attorneys filed a lawsuit against the FEC on December 7, 2001 in the U.S. District Court for the District of Columbia, in which both Judicial Watch and Paul were named as Plaintiffs.

23.     Defendants admit that Exhibit B of the Complaint is a Judicial Watch fundraising letter.  Allegations regarding Exhibit B do not require a response as they are an attempt to characterize the contents of the document, which speaks for itself. Defendants deny the remaining allegations of paragraph 23.

24.     Defendants deny the allegations of paragraph 24.  Defendants aver that, on March 20, 2002, Franklin F. Urteaga filed a lawsuit against Paul, his wife, and John Does 1-10 in the California Superior Court, Los Angeles County, captioned *Franklin F. Urteaga v. Peter F. Paul, et al.*, Case No. BC270350.  Defendants further aver that the lawsuit sought to set aside allegedly fraudulent transfers by Paul to his wife and requested

5

injunctive relief for purposes of enforcing a $2.8 million judgment Urteaga had obtained against Paul.  Defendants further aver that a Judicial Watch attorney, along with a non-Judicial Watch attorney, represented Paul and his wife in the matter, and that the lawsuit was dismissed on September 18, 2002 after a successful, court-initiated mediation.

25.    Defendants admit that the court granted summary judgment in the FEC's favor against both Paul and Judicial Watch on August 30, 2003.  Defendants deny the remaining allegations of paragraph 25.

26.    Defendants admit the first sentence of paragraph 26.  Defendants further admit that the matter was before Judge Wexler and that Judicial Watch initially retained Michael Dowd ("Dowd") to represent Paul.  Defendants deny the remaining allegations of paragraph 26.  Defendants aver that Paul fired Dowd almost immediately upon Paul's extradition to the United States.  Defendants further aver that Paul agreed to have Robert Sticht ("Sticht"), at attorney admitted to practice before both the U.S. District Court for the Eastern District of New York and the U.S. District Court for the Central District of California, serve as his lead criminal defense attorney for both the New York and California indictments, that Sticht had substantial experience at the criminal bar, and that Sticht assembled and lead a team of highly qualified attorneys, forensic accountants, and experts to defend Paul against both indictments.  Defendants further aver that Judicial Watch paid approximately $1.4 million for Paul's criminal defense.

27.    Defendants admit that, in October 2003, Judicial Watch filed a lawsuit on Paul's behalf, captioned *Peter F. Paul v. William Jefferson Clinton, et al.*, Case No. BC304174, in the Superior Court of California for the County of Los Angeles, and that the lawsuit remains pending.  Defendants deny the remaining allegations of paragraph 27.

Defendants aver that "Clinton I" was dismissed under the "fugitive disentitlement doctrine" because, when the suit was filed, Paul was in Brazil fighting his extradition to the United States.

28.  Defendants admit that, in October 2003, Judicial Watch retained James Neville ("Neville") to represent Paul. Defendants deny the remaining allegations of paragraph 28. Defendants aver that Judicial Watch initially retained Neville to prepare a bail application for Paul. Defendants further aver that, once Sticht became Paul's lead criminal defense attorney, Neville prepared a motion for discovery at Sticht's request and served as "local counsel" for Sticht.

29.  Defendants admit that Judicial Watch sent Neville the January 14, 2004 letter. Allegations regarding the January 14, 2004 letter do not require a response as they are an attempt to characterize the contents of the document, which speaks for itself. Defendants deny having sufficient knowledge of any strategy agreed on between Neville and Paul. Defendants deny the remaining allegations of paragraph 29. Defendants aver that, on or about December 17, 2003, Neville filed the bail application he had been retained to prepare for Paul and that, at a February 2, 2004 hearing, the bail application was denied. Defendants further aver that, at Paul's request, Sticht appealed the bail application denial on or about February 18, 2004.

30.  Defendants admit that, in February 2004, Scott Black of Kastelanetz & Fink, LLP entered his appearance on behalf of Paul in *USA v. Paul, et al.*, Case No. 2:01-cr-00636-LDW-1. Defendants deny the remaining allegations of paragraph 30. Defendants aver that, on or about April 5, 2004, Sticht filed a motion to dismiss the indictment on speedy trial grounds and a motion to recuse Judge Wexler from

7

considering Paul's speedy trial motion. Defendants further aver that, on or about July 21, 2004, Sticht filed a motion to dismiss the indictment on the grounds of outrageous government misconduct, for discovery, and for a pretrial evidentiary hearing. Defendants further aver that Paul requested, authorized, approved, agreed to, and encouraged the filing of each motion. Defendants further aver that, in May 2004, Sticht prepared and filed yet another bail application for Paul and that, at a hearing on or about May 21, 2004, the Court granted bail, but Paul's friend, Christopher Belland ("Belland"), would not agree to put up the necessary collateral to secure Paul's release. Defendants further aver that, in July 2004, Sticht's associate, Boris Orlov ("Orlov"), entered his appearance on behalf of Paul in *USA v. Paul, et al.*, Case No. 2:01-cr-00636-LDW-1. Defendants further aver that, in July 2004, Sticht requested modification of the May 21, 2004 bail order, that the request was denied on or about July 22, 2004, and that Sticht subsequently appealed the bail modification denial. Defendants further aver that, on or about August 12, 2004, Sticht filed a second request to modify bail, but the request was denied on or about August 19, 2004 and was appealed by Sticht.

31.    Defendants deny the allegations of paragraph 31.

32.    Defendants admit Judicial Watch initiated an adversary proceeding against Aaron Tonken ("Tonken") in June 2004 in Tonken's bankruptcy action in the U.S. Bankruptcy Court for the Central District of California. Defendants deny the remaining allegations of paragraph 32. Defendants aver that Judicial Watch's complaint sought to determine the dischargeability of a debt allegedly owed by Tonken to Paul and that the matter was assigned Adversary Case No. AD 04-01982.

33.    Defendants deny the allegations of paragraph 33. Defendants aver that in

July 2004, Sticht, on behalf of Paul, initiated the matter captioned *In the Matter of the Search of 18440 Burbank Boulevard, Unit 2206, Tarzana, CA 91536*, Case No. 04-cv-05152-AHM in the U.S. District Court for the Central District of California, by filing a notice of motion and motion for return of seized property.

      34.      Defendants deny the allegations of paragraph 34. Defendants aver that, on or about August 10, 2004, the FEC initiated a civil action against Paul and others in the U.S. District Court for the Central District of California, that Paul and Sticht agreed Sticht and his associate, Orlov, would represent Paul in the civil action, and that Judicial Watch agreed it would pay Sticht's and Orlov's fees and expenses associated with the matter.

      35.      Defendants deny the allegations of paragraph 35.

      36.      Defendants admit Paul expressed interest in being released. Defendants deny the allegations in the first part of second sentence. Defendants are without knowledge or information sufficient to either admit or deny the allegation that Larusso and Conway ("L&C") agreed to work jointly on Paul's defense, and therefore, deny the same. Defendants are without knowledge or information sufficient to either admit or deny the allegations of the fourth and seventh sentence of paragraph 36. The allegations of the fifth sentence of paragraph 36 do not require a response as they are an attempt to characterize the contents of the Agreement, which speaks for itself. However, to the extent that a response is required, Defendants deny the allegations contained in the fifth sentence of paragraph 36. Defendants deny the remaining allegations of paragraph 36.

      37.      Defendants admit Paul retained L&C on his own and that L&C withdrew the previously filed motion to dismiss the indictment on grounds of outrageous

government misconduct, for discovery, and for a pretrial evidentiary hearing, as well as the three bail appeals filed by Sticht. Defendants deny the remaining allegations of paragraph 37. Defendants aver that L&C withdrew the motion and appeals, previously filed by Sticht at Paul's request, without Sticht's or Judicial Watch's knowledge and while Sticht was still counsel of record.

38. Defendants admit that Sticht filed the various motions to withdraw on or about November 18, 2004. Defendants deny the remaining allegations of paragraph 38. Defendants aver that, at a hearing on or about November 9, 2004, Paul had L&C substituted for Sticht and Orlov in *USA v. Paul, et al.*, Case No. 2:01-cr-00636-LDW-1, without making any effort to even notify Sticht or Judicial Watch.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations in the first, second and fourth sentences of paragraph 40. The allegations of the third sentence of paragraph 40 do not require a response as they are an attempt to characterize the contents of the Exhibit D of the Complaint, which speaks for itself. However, to the extent that a response is required, Defendants deny the allegations contained in the third sentence of paragraph 40.

41. Defendants admit that Paul was released on bail on or about January 21, 2005. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in paragraph 41, and therefore, deny the same. Defendants aver that Paul was released only after Belland finally agreed to post sufficient collateral to satisfy the U.S. Attorney's Office and the Court and after the Court denied a bail modification request filed by L&C on or about November 1, 2004, while Sticht and Orlov were still counsel of record.

42. Defendants admit that Judicial Watch attempted to renegotiate the terms of its agreement with Paul and that, as part of this effort, Judicial Watch sent Paul Exhibit E. Allegations regarding Exhibit E do not require a response as they are an attempt to characterize the contents of the document, which speaks for itself. Defendants deny the remaining allegations of paragraph 42.

43. Defendants admit that Paul rejected Judicial Watch's offer. Defendants deny the remaining allegations of paragraph 43. Defendants aver that, on or about March 8, 2005, Paul demanded Judicial Watch pay him $1.5 million, including $15,000 by close of business that same day, and notified Judicial Watch that he intended to terminate his association with the organization unless it acceded to his demands by March 15, 2005.

44. Defendants deny the allegations of paragraph 44.

45. The allegations of paragraph 45 do not require a response as they are an attempt to characterize the contents of Exhibit F of the Complaint, which speaks for itself. However, to the extent that a response is required, Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. The allegations of paragraph 47 do not require a response as they are an attempt to characterize the contents of the Exhibit G of the Complaint, which speaks for itself. However, to the extent that a response is required, Defendants deny the allegations contained in paragraph 47.

48. Defendants admit that Judicial Watch filed an ethics complaint with the U.S. Senate regarding Senator Clinton and the Hollywood Tribute/Fundraiser. Defendants deny the remaining allegations of paragraph 48.

49. Defendants admit the allegations of the first sentence of paragraph 49. The allegations of the second sentence of paragraph 49 do not require a response as they are an attempt to characterize the contents of the Agreement, which speaks for itself. However, to the extent that a response is required, Defendants deny the allegations contained in the second sentence of paragraph 49. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in the third and fourth sentences of paragraph 49, and therefore, deny the same. Defendants aver that the Court granted the motion to withdraw at a hearing held on or about May 13, 2005, that the April 13, 2005 *ex parte* application was renoticed as a motion to withdraw and was rescheduled for May 13, 2005 in order to allow Paul the opportunity to be heard on the matter, that Paul was served in a timely manner with a notice of motion, motion, and supporting papers, and that Paul failed to oppose or object to the motion to withdraw or to otherwise appear at the May 13, 2005 hearing.

50. Defendants deny the allegations of paragraph 50. Defendants aver that, on or about December 29, 2005, the FEC announced it had found probable cause to believe New York Senate 2000 and Andrew Grossman ("Grossman") violated federal campaign finance laws and that it had entered into a conciliation agreement with New York Senate 2000 and Grossman that included a $35,000 fine. Defendants further aver that the FEC's investigation and conciliation agreement arose from the administrative complaint filed by Judicial Watch and Paul on or about July 16, 2001.

51. Defendants admit that Judicial Watch issued a press release on or about January 6, 2006. Allegations regarding the press release do not require a response as they are an attempt to characterize the contents of the document, which speaks for itself.

Defendants deny the remaining allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

## Count One – Breach of Contract

55. Defendants incorporate their responses to paragraphs 1 – 54 as if set forth fully herein.

56. The allegations of paragraph 56 do not require a response as they are an attempt to characterize the contents of the First Modification to Legal Representation Agreement, which speaks for itself. However, to the extent that a response is required, Defendants deny the allegations contained in paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

## Count Two – Breach of Fiduciary Duty

61. Defendants incorporate their responses to paragraphs 1 – 60 as if set forth fully herein.

62. The allegations of paragraph 62 do not require a response as they are an attempt to characterize the contents of the First Modification to Legal Representation Agreement, which speaks for itself. However, to the extent that a response is required, Defendants deny the allegations contained in paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

Count Three – Violations of Standards of Professional Conduct

68. Defendants incorporate their responses to paragraphs 1 – 67 as if set forth fully herein.

69. Paragraph 69 is an attempt to characterize the law of various jurisdictions and does not require an answer. However, to the extent that a response is required, Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 69, and therefore, deny the same.

70. Paragraph 70 is an attempt to characterize the law of various jurisdictions and does not require an answer. However, to the extent that a response is required, Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 70, and therefore, deny the same.

71. Defendants deny the allegations of paragraph 71.

72. Defendants deny the allegations of paragraph 72.

73. Defendants deny the allegations of paragraph 73.

74. Defendants deny the allegations of paragraph 74.

75. The allegations of paragraph 75 have been dismissed by the Court's February 6, 2008, Memorandum Opinion and Order and do not require a response. However, to the extent that a response is required, Defendants deny the allegations of paragraph 75.

### Count Four – Unjust Enrichment

76-82.  This Count was dismissed by the Court's February 6, 2008, Memorandum Opinion and Order.  Therefore, no response is required.

### Count Five – Violations of Section 43(a) of the Lanham Act

83-93.  This Count was dismissed by the Court's February 6, 2008, Memorandum Opinion and Order.  Therefore, no response is required.

### Count Six – Appropriation of Name and Likeness

94-96.  This Count was dismissed by the Court's February 6, 2008, Memorandum Opinion and Order.  Therefore, no response is required.

97.  Defendants deny each and every allegation that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim on which relief may be granted.

### Second Defense

Plaintiff's claims are barred by applicable statutes of limitations.

### Third Defense

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### Fourth Defense

Plaintiff's claims are barred by contributory negligence.

### Fifth Defense

Plaintiff's claims are barred by waiver and/or estoppel.

### Sixth Defense

Plaintiff's claims are barred by assumption of the risk.

Seventh Defense

Plaintiff's claims are barred by collateral estoppel.

Eighth Defense

Plaintiff's damages, to the extent that they truly exist, cannot be apportioned to Defendants due to supervening, intervening and/or superseding causes (*e.g.*, the guilty plea).

Ninth Defense

Plaintiff's claims do not provide any basis for an award of attorney fees.

Tenth Defense

Plaintiff's damages, to the extent that they truly exist, were proximately caused by the conduct of one or more persons for which Defendants were not responsible.

Eleventh Defense

Plaintiff's claims are barred in whole or in part pursuant to D.C. Code § 29-310.114.

Twelfth Defense

Plaintiff's claims are barred, in whole or in part, by the First Amendment of the United States Constitution.

Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, because there is an adequate remedy at law.

Fifteenth Defense

Plaintiff's claims are barred, in whole or in part, by his bad faith.

Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, because there is no irreparable injury.

Seventeenth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is in material breach of the agreement.

Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, because Judicial Watch incurred substantial expense in proffering legal representation, which was then rejected by Plaintiff.

Nineteenth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff's threats and demand frustrated the ability to provide representation.

Twentieth Defense

Defendants reserve the right to amend these affirmative defenses as discovery proceeds and new information comes to their attention.

WHEREFORE, Defendants Judicial Watch, Inc. and Paul J. Orfanedes respectfully request that the Court award the following relief:

1. Enter judgment in favor of Defendants as to all claims;

2. Dismiss with prejudice all claims against Defendants Judicial Watch and Orfanedes; and

3. Such other and further relief as this Court deems appropriate.

Respectfully submitted,

//s// *Richard W. Driscoll*

---

Richard W. Driscoll (436471)
Terence J. Everitt (492139)
DRISCOLL & SELTZER, PLLC
600 Cameron Street
Alexandria, Virginia 22314
703.340.1625 Telephone
703.997.4892 Facsimile
Email: rdriscoll@driscollseltzer.com

*Counsel for Defendants Judicial Watch, Inc., Thomas J. Fitton and Paul J. Orfanedes*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February 2008, a copy of the foregoing Amended Answer was served by electronic filing upon counsel listed on the Notice of Electronic Filing.

//s// *Richard W. Driscoll*

---

Richard W. Driscoll