IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER F. PAUL, | |
| Plaintiff, | |
| v. | Case No. 1:07-cv-00279-RCL |
|  | Honorable Royce C. Lamberth |
| JUDICIAL WATCH, INC., *ET AL.* | |
| Defendants. | |

## REPORT TO THE COURT PURSUANT TO LCvR 16.3

The attorneys of record submit this report following their conference on February 19, 2008. The attorneys discussed the 14 specific matters set forth in LCvR 16.3(c) and reached the following agreements between themselves. The numbers correspond to the subparagraphs in LCvR 16.3(c).

1. Plaintiff believes that the case is not likely to be disposed of by dispositive motion. Defendants maintain that this matter may be capable of conclusion by dispositive motion following the completion of discovery.

2. Within 30 days, the parties shall join any other parties and make any further amendments to the pleadings. The parties could not agree upon or narrow any of the factual or legal issues outstanding.

3. At this time, the parties do not agree to assign this case to a Magistrate for all purposes, including trial.

4. There is no realistic possibility of settling the case at this time.

5. The parties agree that alternative dispute resolution is not appropriate at this time.

6. The parties agree that motions for summary judgment will be filed, but not until after the close of discovery. Further, the parties agree that it is too early in the process to propose a date for filing such motions after the close of discovery.

7. The parties propose that the initial disclosures required by Rule 26(a)(1) should be made by Friday, April 4, 2008.

8. The parties propose a discovery cut-off date of March 20, 2009. Each party shall propound its initial written discovery within 90 days of this Report. In addition, the parties propose that no limit be placed on discovery permitted under the Rules of Civil Procedure. At this time, the parties do not anticipate needing a Protective Order.

9. The parties will designate experts and exchange information pursuant to Rule 26(a)(2) according to the following schedule:

    (a) The party having the burden on a particular issue shall identify its expert(s) and provide its expert reports to the opposing party by December 4, 2008.

    (b) The opposing party shall disclose its expert(s) and provide its opposing expert report by January 19, 2009.

    (c) The party having the burden shall disclose its rebuttal expert(s) and provide its rebuttal report by February 20, 2009.

The parties further agree to limit the subject of written expert discovery to the witnesses' final expert report, anything considered in connection with preparing the final expert report and the time devoted to preparation of the final expert report.

10. Procedures under Rule 23 were not applicable.

11. Trial and/or discovery should not be bifurcated or managed in phases.

12. The parties propose that summary judgment motions be filed within 45 days after the close of discovery and that a pre-trial conference be held within sixty (60) days after the completion of briefing on the summary judgment motions.

13. The parties propose that at the pre-trial conference the Court set a firm trial date.

14. There were no other matters that the parties believe appropriate for inclusion in a scheduling order.

Respectfully submitted,

**DRISCOLL & SELTZER, PLLC**          **SPECTOR GADON & ROSEN, P.C.**

By: /s/ *Richard W. Driscoll*            By:    /s/ *Daniel J. Dugan*
    Richard W. Driscoll, Esquire         Daniel J. Dugan, Esquire
    600 Cameron Street                   1635 Market Street, 7th floor
    Alexandria, VA 22314                 Philadelphia, PA  19103
    703.340.1625                         215.241.8872 --215.241.8844 *fax*
    *rdriscoll@driscollseltzer.com*      *ddugan@lawsgr.com*
    *Attorneys for Defendants*           *Attorneys for Plaintiff*

Dated: March 4, 2008