IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                              |   |                                       |
|------------------------------|---|---------------------------------------|
| PETER F. PAUL,               |   |                                       |
|     Plaintiff,               |   |                                       |
| v.                           |   | Civil Action No. 1:07-cv-00279-RCL    |
|                              |   | Honorable Royce C. Lamberth           |
| JUDICIAL WATCH, INC., *ET AL*. |   |                                       |
|     Defendants.              |   |                                       |

**DEFENDANTS' OPPOSITION TO MOTION FOR STATUS CONFERENCE**

Defendants Judicial Watch, Inc. and Paul Orfanedes, by undersigned counsel and pursuant to LCvR 7, hereby oppose the Plaintiff's Motion for Status Conference. As grounds for this Opposition, Defendants state as follows:

1. Before conducting any discovery, even before this Court enters a Scheduling Order, Plaintiff Peter Paul ("Paul") requests that the Court hold a Status Conference to "address appropriate interim means that Mr. Paul can obtain funds from Defendants". Defendants submit that this request is premature, improperly made through Judicial Watch's former General Counsel, and unsupported by fact or law.

2. Unless Plaintiff's counsel, Larry E. Klayman, agrees to withdraw as counsel for Plaintiff, Defendants intend to move for disqualification. Accordingly, this Court should postpone conducting any status conference or entering any scheduling order until after the question of disqualification is resolved. The basis for Defendants' intent to move for disqualification is based on ethical obligations owed by Klayman to Judicial Watch that arise from Klayman's prior position as General Counsel of Judicial Watch while it represented Paul. Therefore, Klayman is a necessary

fact witness. Equally important is that fact that Klayman possesses confidential information regarding Judicial Watch, which cannot be protected if he acts as counsel to Paul.

3. While Judicial Watch categorically denies the allegations made by Paul in his Motion for Status Conference, the fact that such allegations are included in a pleadings signed by Judicial Watch's former General Counsel highlights the prejudice that may result to Judicial Watch if Klayman is permitted to continue with his willful breach of fiduciary duty.

4. Finally, Paul's request is premature. In essence, Paul's ambiguous request does not articulate any procedure authorizing this Court to invoke the extraordinary remedy of transferring funds from Judicial Watch to Plaintiff without a trial. Paul seeks a remedy without conducting any discovery or presenting his case to the fact-finder. More importantly, Defendants will demonstrate that Paul's claims are unfounded and lack any basis in fact. Accordingly, Defendants object to any process that circumvents the normal right of a litigant to due process.

WHEREFORE, for all of the forgoing reasons, Defendants Judicial Watch, Inc. and Paul Orfanedes respectfully requests that the Court DENY the Motion for Status Conference and postpone any further proceedings until there is a resolution of the disqualification issue.

> Respectfully submitted,
>
> /s/ *Richard W. Driscoll*
> _____
> Richard W. Driscoll (436471)
> Juli Z. Haller Simonyi (466921)
> DRISCOLL & SELTZER, PLLC
> 600 Cameron Street
> Alexandria, Virginia 22314
> 703.340.1625 Telephone
> 703.997.4892 Facsimile
>
> *Counsel for Defendants Judicial Watch, Inc.,*

*Thomas J. Fitton and Paul Orfanedes*

Dated: April 16, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of April 2008, a copy of the foregoing Opposition was served by electronic filing upon counsel listed on the Notice of Electronic Filing.

/s/ *Richard W. Driscoll*

Richard W. Driscoll