IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PETER F. PAUL,** | \| |
| | \| |
| **Plaintiff,** | \| |
| | \| |
| v. | \| Civil Action No. 1:07-cv-00279-RCL |
| | \| Honorable Royce C. Lamberth |
| **JUDICIAL WATCH, INC.,** *ET AL.* | \| |
| **Defendants.** | \| |
| _____ | \| |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO DISQUALIFY LARRY KLAYMAN AS COUNSEL**

Plaintiff, Peter Paul by the undersigned counsel and pursuant to D.C. Rules of Professional Conduct 1.6, 1.7, 1.9 and 3.7, hereby submits the following Memorandum of Points and Authorities in Opposition to Defendants' Motion to Disqualify Larry E. Klayman and the Klayman Law Firm, P.C. ("Mr. Klayman") as Counsel for Plaintiff Peter Paul ("Paul").

**STATEMENT OF FACTS**

Plaintiff, Paul was a former client of Judicial Watch who was being criminally prosecuted for certain alleged stock and bank fraud. Judicial Watch began to assist in the defense of Paul by funding the defense of Paul and contracting criminal defense lawyers. However, the actions that led to Paul's filing this lawsuit against Judicial Watch occurred after Mr. Klayman left the employment of Judicial Watch. A consistent theme that will recur in the Defendants' Motion to Disqualify Mr. Klayman is the lack of any privileged information and specific information gained by Mr. Klayman's prior involvement with Defendants as it relates to Paul's case. It should be noted that the representation of Paul

was carried out by another criminal defense law firm that was contracted and paid for by Judicial Watch to represent Paul and the representation of Paul was not carried out by Mr. Klayman or Judicial Watch. The contract of representation speaks for itself and Paul does not need the testimony of Mr. Klayman in this regard.( See Paul's Affidavit).

During Mr. Klayman's tenure at Judicial Watch, Mr. Klayman was not privity to any privileged information or and specific information gained by Mr. Klayman's prior involvement with Judicial Watch as it relates to Paul's case. In fact, the Defendants' Motion to Disqualify Mr. Klayman does not specify with any detail what specific facts, privileged or confidential information was gained by Mr. Klayman during Mr. Klayman's involvement with Judicial Watch relating to the Paul matter. Furthermore, Paul is not in possession of any confidential information of Judicial Watch or the Defendants and at no time has Mr. Klayman provided to Paul or conveyed to Paul any confidential or privileged information that may belong to Judicial Watch or the Defendants. (See Paul's Affidavit)

This action is strictly against the Defendants and not Mr. Klayman. (See Paul's Affidavit). There is no reference to Mr. Klayman because this matter is clearly against the Defendants and not Mr. Klayman. (See Paul's Affidavit).

## LEGAL ARGUMENT

**I. STANDARD OF REVIEW**

This Court recognizes that disqualification of counsel is appropriate "when [1] the conduct is in violation of the rules of professional conduct to the point of undermining the court's confidence in the vigor of counsel's representation of his client or [2] where the attorney is in a position to use confidential information concerning his client's

opponent gained from a prior representation." *Steinbuch v. Cutler*, 463 F. Supp. 2d 4, 7-8 (D.D.C. 2006) (*citing Koller v. Richardson-Merrell Inc.*, 237 U.S. App. D.C. 333, 737 F.2d 1038 (D.C. Cir. 1984), vacated on other grounds, 472 U.S. 424 (1985)). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46, 111 S. Ct. 2123 (1991) (stating that "a federal court has the power to control admission to its bar and to discipline attorneys who appear before it"); *Cauderlier v. Zambrana*, 2006 U.S. Dist. LEXIS 85969, (D.D.C. Oct. 6, 2006); *Pigford v. Veneman*, 355 F. Supp. 2d 148, 166-167 (D.D.C. 2005) (*citing Pigford v. Veneman*, 217 F. Supp. 2d 95, 99-100 (D.D.C. 2002).

**II. RULE 1.7 DOES NOT PROHIBIT MR. KLAYMAN FROM REPRESENTING PAUL BECAUSE THERE EXISTS NO ADVANCEMENT OF ADVERSE POSITIONS**

Rule 1.7 of the Rules of Professional Conduct "is intended to provide notice of circumstances that <u>may</u> constitute a conflict of interest." Rule 1.7, Comment [1]. In certain <u>limited</u> circumstances, a lawyer may never represent a client where a direct conflict of interest exists. Those <u>limited</u> circumstances are set out in Rule 1.7(a), which read: "A lawyer shall not advance two or more adverse positions in the same matter."

**1. Rule 1.7 does not Prohibit Mr. Klayman from Representing Paul and it is not Necessary for Mr. Klayman to Advance Contradictory Positions in this Case**

Mr. Klayman has not and does not need to advance a contradictory position in this matter in order to properly represent Paul. The parties stipulate that a contract between Paul and Judicial Watch exists. The contract speaks for itself (See Paul's Affidavit) and its meaning and intent are not issues of litigation in this matter as much as the Defendants would like it to be, in order to support their meritless arguments regarding the disqualification of Mr. Klayman.

**2. Paul and Mr. Klayman are not adverse in this litigation**

The breach of fiduciary relationship count in this action pertains to the individual actions of the Defendants, not Mr. Klayman. (See Paul's Affidavit). This cause of action is personal in nature and the Defendants can not be held liable for a breach of fiduciary relationship by Mr. Klayman. An action such as a breach of a fiduciary duty is personal in nature. Paul has not alleged that Mr. Klayman breached his fiduciary relationship, but that the Defendants breached the fiduciary relationship; thus Mr. Klayman actions are not at issue in this matter as far as a breach of fiduciary relationship is concerned, but the Defendants actions are at issue in this matter.

**3. Mr. Klayman may competently and diligently represent himself and Paul without taking contradictory positions**

An issue of major concern that is inescapable in this matter is Defendants' personal vendetta against Mr. Klayman. Defendants are keenly aware that no one but Mr. Klayman will step up and represent Paul to redress the wrongs that the Defendants have caused Paul. If they are able to successfully disqualify Mr. Klayman from the representation of Paul, the Defendants will in essence have defeated Paul's entire claim because of Paul's has no resources to represent himself or obtain substitute counsel in this matter.

Clearly, the actions and evidence that will be presented at trial in this matter will pertain to the Defendants' actions that have led to the causes of action raised in this matter. If it is the position of the Defendants that it was the actions of Mr. Klayman that caused the wrong upon Paul, then they are free to raise those claims as a defense, and present evidence supporting those claims. However, fabricating a conflict in order

support the disqualification of Mr. Klayman is improper. Moreover, a defense of that nature would be frivolous and presented only for the purpose of trying to make Mr. Klayman a witness in this matter.

**4. <u>Mr. Klayman is capable of effective cross-examination without impeaching himself</u>**

Defendants take the position that Mr. Klayman cannot effectively represent Paul without impeaching himself. According to the Defendants, Mr. Klayman cannot fulfill this obligation when simultaneously defending his actions and attempting to inculpate the organization he was acting for at that time. As the Court has recognized, an attorney cannot zealously impeach an opposing party witness, if that witness is a former client to whom the attorney owes a duty of confidentiality. <u>United States v. Davis</u>, 780 F. Supp. 21 (D. D.C. 1991) (stating that an attorney should not be inhibited because of a potential breach of confidentially toward a former client).

Defendants fail to recognize that Mr. Klayman was not associated with Judicial Watch at the time of the occurrence of the actions for which Paul has sued Defendants. Moreover, <u>United States v. Davis</u> requires Mr. Klayman to owe a duty of confidentiality to the Defendants. Mr. Klayman is not in possession of any confidential information belonging to the Defendants as it relates to the matters pled by Paul in this case. If Mr. Klayman has no confidential information of the Defendants, then Mr. Klayman does not have a duty of confidentially to the Defendants as it pertains to Paul's case. As it has been consistently stated, Defendants are unable and incapable of expressing what confidential information Mr. Klayman is in possession of belonging to the Defendants as it relates to Paul's case. This is a constant and obvious theme. After deciphering the Defendants'

twenty three (23) page memorandum of points filed in support of their Motion to Disqualify Mr. Klayman, not one single piece of confidential information that belongs to Defendants that Mr. Klayman is in possession of as it relates to Paul is stated, shown or expressed.

As stated in D.C. Rules of Professional Conduct, Rule 1.9 Comment [3], emphasis added,

> in the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation; *on the other hand, knowledge of specific facts gained at a prior representation that are relevant to the matter in question, ordinarily will preclude such a representation*.

The Defendants allegations of confidential information and privilege that Mr. Klayman is allegedly in possession of are artfully stated in the Defendants' Motion to Disqualify Mr. Klayman as general and conclusory statements without an iota of specific facts as required by Rule 1.9.

**III. RULE 1.9 OF THE RULES OF PROFESSIONAL CONDUCT DOES NOT PROHIBIT MR. KLAYMAN'S REPRESENTATION OF PAUL IN THIS LITIGATION BECAUSE THE SUBJECT MATTER IS SUBSTANTIALLY RELATED TO MR. KLAYMAN'S ACTIVITIES AS GENERAL COUNSEL FOR JUDICIAL WATCH**

Rule 1.9 of the D.C. Rules of Professional Conduct prohibits a lawyer from representing "another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent." D.C. Bar Appx. A, Rule 1.9. "When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests clearly is prohibited." D.C. Bar Appx. A, Rule 1.9,

Comment [2]. Comment [3] to Rule 1.9 is particularly relevant to these circumstances as it states that if a lawyer has <u>knowledge of specific facts</u> that were obtained in the prior representation, which are now relevant to the current litigation, the lawyer may not represent an adverse party. Comment [3] reads, in relevant part:

> in the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation; *on the other hand, knowledge of specific facts gained at a prior representation that are relevant to the matter in question, ordinarily will preclude such a representation*

As general counsel and chairman of Judicial Watch, Mr. Klayman was not privity to any <u>specific facts</u> of privileged information or <u>specific information gained by Mr. Klayman's prior involvement with Judicial Watch as it relates to Paul's case</u>. The Defendants' Motion to Disqualify Mr. Klayman does not specify with any details what specific facts, privilege or confidential information was gained by Mr. Klayman during Mr. Klayman's involvement with Judicial Watch relating to the Paul matter. After deciphering a comprehensive and convoluted memorandum of points prepared by the Defendants, not a single shred of specific privileged information is shown. The reason for this is that there are no specific facts or specific confidential information that Mr. Klayman is in possession of as it relates to Paul's case that belongs to Defendants.

Furthermore, to require Mr. Klayman to obtain any consent from Defendants is not only not required, but absurd. This matter is not substantially similar to any matter that Judicial Watch handled for Paul when Mr. Klayman was an employee or general counsel of Judicial Watch. This involves Defendants' improper actions in this matter as

alleged by Paul which occurred subsequent to Mr. Klayman's departure from Judicial Watch. (See Paul's Affidavit).

Mr. Klayman has not violated Rule 1.9 of the D.C. Rules of Professional Conduct. Rule 1.9 of the D.C. Rules of Professional Conduct requires that:

> A lawyer, who has formerly represented a client in a matter, shall not thereafter represent another person in the same or substantially related matter in which that persons interests are materially adverse to the interests of the former client, unless the former client consents after consultation.

At no time did Mr. Klayman represent Judicial Watch in any matters regarding Paul's case. Moreover, Mr. Klayman did not receive any information from Judicial Watch that would be considered privileged information regarding the Paul matters.

Defendants fail to advise this Court that they have vindictively filed a bar complaint against Mr. Klayman on these same issues which complaint is pending before D.C. Bar Counsel. The Complaint will be submitted under seal along with Mr. Klayman's response as a supplement to this opposition.

**IV. UNDER RULE 1.6 OF THE RULES OF PROFESSIONAL CONDUCT, MR. KLAYMAN CANNOT ETHICALLY REPRESENT PAUL WITHOUT DISCLOSING CONFIDENCES AND SECRETS HE IS BOUND TO MAINTAIN**

Defendants' argument under Rule 1.6 only brings too light the Defendants complete misunderstanding of the D.C. Rules of Ethics as they apply to this matter and the faulty premise which they base their arguments upon. Defendants' contend in their Motion to Disqualify Mr. Klayman that of particular interest in this matter was Mr. Klayman's exposure to confidential information concerning Judicial Watch's provision of legal services to Paul. A fundamental principal of the lawyer-client relationship is that

the lawyer will hold inviolate that client's confidences and secrets. This obligation is imposed on the Bar by Rule 1.6 of the Rules of Professional Conduct, which provides that, except when specifically permitted under the Rule, "a lawyer shall not knowingly reveal a confidence or secret of the client". As the Rule further explains, "confidence" refers to information protected by the attorney-client privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate, or the disclosure of which would be embarrassing, or would likely be detrimental to the client. D.C. Bar Appx. A, Rule 1.6(b). This is exactly what Mr. Klayman is doing by representing Paul. Mr. Klayman is preserving the attorney-client privilege with Paul. Mr. Klayman has not revealed any of Paul's information. Clearly, Defendants can not possibly take the position that they are or were the client of Mr. Klayman for purpose of Rule 1.6 and not Paul. Moreover, as repeated throughout this opposition Mr. Klayman is not in possession or has knowledge of any specific facts of privileged information that belong to Defendants.

The Defendants' Motion to Disqualify Mr. Klayman does not specify with any details what specific facts, privileged or confidential information was gained by Mr. Klayman during Mr. Klayman's involvement with Judicial Watch relating to the Paul matter.

**V. D.C. RULE OF PROFESSIONAL CONDUCT 3.7 PROHIBITS MR. KLAYMAN'S REPRESENTATION OF PAUL BECAUSE HE IS A FACT WITNESS**

Rule 3.7 provides that: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." Therefore, under Rule 3.7, Defendants' argue that Mr. Klayman cannot simultaneously act as a necessary fact witness and as an

advocate for Paul. As much as the Defendants desire to have the Court consider Mr. Klayman a fact witness in this matter, Mr. Klayman is not a fact witness in this matter. (See Mr. Klayman's Affidavit). Moreover, Paul has the option of waiving this issue.

Defendants' attempt to characterize Mr. Klayman as a fact witness is consistent with their mode of operation against Mr. Klayman. Defendants are aware that no one but Mr. Klayman will step up to redress the wrong that the Defendants have caused Paul. If the Defendants are able to successfully disqualify Mr. Klayman from representation of Paul, they will in essence have defeated Paul's entire claim because of Paul has no resources to represent himself or obtain substitute counsel in this matter.

Even though Mr. Klayman on behalf of Judicial Watch executed the agreement with Paul, Mr. Klayman is not in possession of any specific information or facts that would be confidential belonging to Defendants as it relates to Paul's case. Moreover, Paul has not received or been provided any confidential information belonging to the Defendants by Mr. Klayman. (See Paul's Affidavit).

**VI. MR. KLAYMAN'S REPRESENTATION OF PAUL IS NOT CAUSING IMMINENT AND ACTUAL HARM TO JUDICIAL WATCH AND THE INTEGRITY OF ATTORNEY ETHICS**

The Defendants' claim that the relative positions of Judicial Watch, Paul and Mr. Klayman present a unique set of circumstances that require this Court to apply a heightened review. *See Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 754 (D. Md. 1997) (recognizing that dual representation in circumstances similar to this action greatly intensifies the potential that "confidential information will be disclosed in the ex parte

setting"), however, the Court in <u>Zachair, Ltd</u>. was dealing with dual representation. This matter does not involve dual representation.

This allegation in the Defendants' Motion to Disqualify Mr. Klayman is nothing more than a dramatic plea to the Court for the granting of their motion. This artfully drafted plea is filled with hot air and no substance. Defendants fail to state what specific harm will be caused to them by Mr. Klayman's representation of Paul. Defendants fail to state how this representation underscores the Court's confidence. Even though, the Defendants state that Mr. Klayman's representation of Paul is a clear and direct conflict, the Defendant fail to state what is the conflict. Finally, the Defendants fail to state what specific facts and information are privileged or confidential information gained by Mr. Klayman during Mr. Klayman's involvement with Judicial Watch relating to this case.

## VII. PAUL WILL SUFFER PREJUDICE AS A RESULT OF MR. KLAYMAN'S DISQUALIFICATION

Clearly, Paul will suffer prejudice if Mr. Klayman is disqualified. (See Paul's affidavit). The Defendants have a history of over aggressively prosecuting and defending lawsuits at the expense of the opposing party. This meritless motion is one example of over lawyering.  If the Defendants are able to successfully disqualify Mr. Klayman from the representation of Paul, they will in essence have defeated Paul's entire claim because of Paul has no resources to represent himself or obtain substitute counsel in this matter. (See Paul's Affidavit)

## **CONCLUSION**

WHEREFORE, for all of the forgoing reasons, Defendants Judicial Watch, Inc. and Paul J. Orfanedes respectfully request that the Motion to Disqualify Larry E. Klayman and the Klayman Law Firm, P.C. as counsel for Plaintiff Peter Paul should be DENIED and this Court should award ay other relief that the Court deems appropriate. The Plaintiff respectfully requests oral argument.

Respectfully submitted,

Dated: June 19, 2008

By: /s/Larry Klayman
Larry Klayman, Esq.
D.C. Bar No.: 334581
3415 SW 24th Street
Miami, FL 33145
Tel: 305-447-1091
Fax: 305-447-1548

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of June 2008, a true copy of the foregoing Motion was served via electronic means to:

> Richard W. Driscoll, Esquire
> Driscoll & Seltzer, PLLC
> 600 Cameron Street
> Alexandria, VA 22314

> By: s/Larry Klayman
> Larry Klayman, Esq.
> D.C. Bar No.: 334581
> 3415 SW 24th Street
> Miami, FL 33145
> Tel: 305-447-1091
> Fax: 305-447-1548

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER F. PAUL,

Plaintiff,

v.

JUDICIAL WATCH, INC., *ET AL.*
Defendants.

Civil Action No. 1:07-cv-00279-RCL
Honorable Royce C. Lamberth

**PETER PAUL'S AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY LARRY
KLAYMAN AS COUNSEL FOR PLAINTIFF**

BEFORE ME, the undersigned authority, personally appeared Peter Paul who after being duly sworn, deposes and says:

1. I am over the age of 18 years and of sound and competent mind to execute this affidavit.

2. I am personally familiar and has first hand knowledge of all the matters hereinafter stated.

3. I have carefully reviewed the complaint and facts in this matter. I have examined all relevant records and documents kept by me concerning the matter herein with the Defendants.

4. I was a former client of Judicial Watch who was being criminal prosecuted for certain alleged stock and bank fraud. Judicial Watch agreed to pay for my defense. The contract of representation speaks for itself and I do not need Mr. Klayman's testimony in this regard.

1

5. The actions that led to my filing this lawsuit against Judicial Watch occurred after Klayman left the employment of Judicial Watch.

6. As set forth in the complaint, my representation was carried out by criminal defense law firms that were contracted for by Judicial Watch to represent me after Larry Klayman left Judicial Watch.

7. The Defendants' Motion to Disqualify Klayman does not specify with any details what specific facts, privileged or confidential information was gained by Klayman during Klayman's involvement with Judicial Watch relating to this case, as the case concerns events that occurred after Mr. Klayman left Judicial Watch.

8. Klayman has not provided to me or conveyed to me any confidential or privileged information that may belong to Judicial Watch or the Defendants.

9. I have not received or been provided any confidential information belonging to the Defendants by Klayman.

10. This action is strictly against the Defendants and not Klayman.

11. There is no reference to Klayman in the Complaint because this matter is clearly against the Defendants and not Klayman and I do not intend to assert any claim against him.

12. Klayman is not a fact witness in this matter.

13. This matter is not substantially similar to any matter that Judicial Watch handled for me when Klayman was an employee and general counsel of Judicial Watch. This matter involves Defendants improper actions as alleged which occurred subsequent to Klayman's departure from Judicial Watch.

2

14. I will suffer prejudice if Klayman is disqualified. If the Defendants are able to successfully disqualify Klayman from my representation, the Defendants will in essence have defeated my entire claim because of my lack of resources to represent myself or obtain substitute counsel in this matter. I have no financial resources to do this. Nor is their any other lawyer likely to proceed against Judicial Watch on my behalf.

15. At this time, I am under house arrest and I have been awaiting sentencing since March, 2005, on my guilty plea for a violation of SEC Regulation 10(b)5 . I have no resources to conclude this case as after Mr Klayman left, Judicial Watch abandoned me and I have asked this court for help in this regard and related issues.

FURTHER AFFIANT SAYETH NOT.

_____
Peter F. Paul

Sworn to Under Penalty of Perjury     Date: June 19, 2008

3