UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PETER F. PAUL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-00279 (RCL) |
| JUDICIAL WATCH, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This matter comes before the Court on defendants' unopposed motion to dismiss, which the Court hereby GRANTS.

By order of July 16, 2008, this Court disqualified plaintiff's counsel, Larry E. Klayman, and the Klayman Law Firm, P.C., from representing plaintiff in this matter.

Although a notice of appeal was filed, the appeal was dismissed on November 7, 2008, for lack of prosecution after plaintiff failed to comply with filing deadlines set by the Court of Appeals and after that Court's orders were returned marked "unclaimed."

This Court thereupon entered a Scheduling Order on November 12, 2008, noting therein that plaintiff "shall be expected to proceed *pro se* herein until and unless new counsel appears."

Plaintiff has now failed to comply with this Court's Scheduling Order, and defendants' motion to dismiss reflects that mail sent to plaintiff at the address set forth on the Court's docket is returned as "Not Deliverable as Addressed/Return to Sender."

It is plaintiff's responsibility to comply with Local Civil Rule 11.1, which provides that

> Unless changed by notice filed with the Clerk, the address and telephone number of a party or an attorney noted on the first filing shall be conclusively taken as the last known address and telephone number of the party or attorney.

Since sending a *Fox*[1] notification order would be futile in this case, no such notice will be sent.

This case is hereby DISMISSED WITH PREJUDICE for failure to prosecute and failure to comply with the Court's Orders.

SO ORDERED.


Signed by Royce C. Lamberth, Chief Judge, on February 2, 2009.

---

[1] In *Fox v. Strickland*, the D.C. Circuit held that a district court must take pains to advise a *pro se* plaintiff of the consequences of failing to respond to a dispositive motion. 837 F.2d 507, 509 (D.C. Cir. 1988).